UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK SCHMITT,<br><br>          Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>          Defendants. | Case No.: 3:24-cv-01933-LL-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART JOINT MOTION TO EXTEND DISCOVERY DEADLINES, and**<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 13]** |

  Before the Court is the parties' joint motion to extend amend the scheduling order and extend all case management deadlines by 90 days. ECF No. 13. The Court requested and has received the parties' supplemental briefing. ECF Nos. 14, 15.

  Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 12 at 7 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v.*

*Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties represent that they "have been cooperating to schedule and timely complete fact discovery and were on track to do so until recent events that were beyond the Parties' control have made completion impossible." ECF No. 13 at 2–3. The parties do not explain what these "recent events" are, however. The parties do explain that they had made several attempts to find mutually agreeable dates for certain depositions and the vehicle inspection, but were unable to do so. *Id.* at 3. As such, the parties requested a 90-day extension of all dates in the scheduling order. *Id.* at 4. Upon completion of the supplemental briefing required by the Court (*see* ECF No. 14), the parties have since confirmed the following: "Defendant's Rule 30(b)(6) witness is confirmed for deposition on August 13, 2025, and Plaintiff's deposition is confirmed for June 27, 2025. [] The Parties have confirmed the Vehicle Inspection for August 12, 2025." ECF No. 15 at 2.

Despite the joint motion's shortcomings,[1] the Court finds good cause to **GRANT IN PART** the parties' joint motion. ECF No. 13. The Court issues the following First Amended Scheduling Order:

---

[1] Fact discovery closed on May 29, 2025, (*see* ECF No. 12 at 2), but the instant motion to continue the fact discovery deadline, among others, was filed on May 29, 2025. ECF No. 13. By filing the motion on the affected deadline, the parties failed to follow the Court's Chambers Rules. *See* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion no less than seven calendar days before the affected date") (emphasis added). The Court expresses its deep concern in the parties' blatant disregard for the Court's Chambers Rules.

1.  Counsel[2] shall refer to Judge Lopez's Chambers Rules for Civil Cases, as well as the undersigned magistrate judge's chambers rules, which are accessible via the Court's website at www.casd.uscourts.gov.

2.  **May 29, 2025** *remains* the deadline for completion[3] of fact discovery, except for the following:

    a.  The deposition of Plaintiff will be completed by June 27, 2025.

    b.  The deposition of Defendant's Rule 30(b)(6) witness will be completed by August 13, 2025.

    c.  The Vehicle Inspection will take place by August 12, 2025.

3.  The parties shall designate their respective experts in writing on or before **September 12, 2025**. The parties must identify any person who may be used at trial to

---

[2] References to "counsel" throughout this order include any party representing himself or herself.

[3] "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court. The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.

present evidence pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The deadline for exchange of rebuttal experts shall be on or before **October 14, 2025**. Expert designations shall include the name, address, and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4. All expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) shall be served on all parties on or before **September 12, 2025**. Any contradictory or rebuttal information shall be disclosed on or before **October 14, 2025**. In addition, Federal Rule of Civil Procedure 26(e) imposes a duty on the parties to supplement the expert disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) by the time that pretrial disclosures are due under Federal Rule of Civil Procedure 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5. All expert discovery shall be completed by all parties on or before **November 14, 2025**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

6. All pretrial motions, which includes *Daubert* motions but excludes motions in limine, shall be filed on or before **January 8, 2026**. Counsel for the moving party shall

set the motion hearing date 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Lopez's chambers for a motion hearing date. The parties should review Judge Lopez's Chambers Rules for Civil Cases for the additional requirements for noticed motions before Judge Lopez.

Pursuant to Civil Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Civil Local Rule 7.1.e.2 or face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1.f.3.c.

7. A Mandatory Settlement Conference shall be conducted on **March 20, 2026** at **2:00 p.m.** before **Magistrate Judge Allison H. Goddard** *via videoconference*. The Court requires the personal attendance of all named parties, party representatives with full[4] settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference. No later than **March 12, 2026**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees. Court staff will then email all participants the Zoom invitation. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount,

---

[4] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the MSC. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the MSC before agreeing to any settlement does not have full authority.

no later than **February 26, 2026**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **March 5, 2026**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **March 12, 2026**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **March 12, 2026**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

8. In jury trials before Judge Lopez, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f).

9. Counsel shall comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **April 9, 2026**. **Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.**

10. Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) on or before **April 16, 2026**. The parties shall meet and confer and prepare a proposed

pretrial order containing the following:

    a.    A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

    b.    A list of the causes of action to be tried, referenced to the complaint (and counterclaim if applicable). For each cause of action, the order shall succinctly list the elements of the claim, damages/remedies, and any defenses. A cause of action in the complaint (and/or counterclaim) which is not listed shall be dismissed with prejudice.

    c(1).    A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    c(2).    A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    c(3).    A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    d(1).    A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. Plaintiff's exhibits must be identified numerically, starting with "1," and Defendant's alphabetically, starting with A to Z, then AA to AZ, then BA to BZ, etc.

//
//
//
//
//
//

       d(2).   A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.[5]

    e.     A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury at the beginning of trial.

    f.     A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

    g.     Whether the case will be tried by jury or by the Court without a jury.

    h.     Estimated number of hours per side for trial.

    i.     Counsel will note any objections they have to any other parties' Federal Rules of Civil Procedure 26(a)(3) pretrial disclosures.

Counsel shall cooperate in the preparation of the proposed pretrial order. The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The Court will entertain any questions concerning the conduct of the trial at the pretrial conference.

    11.    Counsel for Plaintiff will be responsible for preparing the proposed pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). On or before **April 23, 2026**. Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff's counsel concerning any objections to form or content of the

---

[5] When the proposed pretrial order is submitted to chambers, the Court prefers the trial exhibits to be jointly listed in a table format, including columns designated for exhibit numbers/letters, description of exhibits, whether there are objections to the exhibits, and grounds for objections. The joint table shall also include a column indicating whether the exhibits are likely to be used or may be used at trial, or alternatively, two separate joint tables shall be created with one for exhibits likely to be used and one for exhibits that may be used.

proposed pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the proposed pretrial order.

12. The proposed pretrial order, including objections to any other party's Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures, shall be lodged with the district judge's chambers on or before **April 30, 2026**, and shall be in the form prescribed in Civil Local Rule 16.1(f)(6) and this Order.

13. The filing deadline and hearing date for motions in limine will be set at or after the final Pretrial Conference.

14. The final Pretrial Conference is scheduled on the calendar of the **Honorable Linda Lopez** on **May 14, 2026** at **10:00 a.m.** in Courtroom 5D.

15. A post-trial settlement conference before a magistrate judge may be held within thirty days of verdict in the case.

16. The dates and times set forth herein will not be modified except for good cause shown.

17. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five pages in length without leave of a district judge. No reply memorandum shall exceed ten pages without leave of a district judge. Briefs and memoranda exceeding ten pages in length shall have a table of contents and a table of authorities cited.

19. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: June 9, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge